IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

RANDELL L. BROWN, Register No. 179887, )
)
                Plaintiff, )
)
         v. )   No. 05-4414-CV-C-NKL
)
KELLY DILLS, et al., )
)
                Defendants. )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Randell L. Brown, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff Randell Brown names his son, Joshua Brown, as an additional plaintiff; however, merely identifying his son as a plaintiff is insufficient for Randell Brown to proceed on his son's behalf. Joshua Brown did not sign the complaint and has in no manner sought to be represented by this action. Moreover, the claims of Joshua Brown are duplicative and he lacks standing to litigate. Accordingly, the claims of Joshua Brown should be dismissed.

Plaintiff Randell L. Brown names numerous Missouri Department of Corrections and Correctional Medical Services personnel, including "John Does."

In his original and amended complaints, plaintiff alleges he has medical problems which caused him to be removed from a drug rehabilitation program and locked in administrative segregation because of his disabilities. Plaintiff further alleges failure to make reasonable accommodation for his disabilities and subsequently being retaliated against for filing a grievance. Plaintiff further claims the failure to allow him participate in the drug treatment program is affecting his eligibility for parole. Plaintiff also claims a violation of the Americans with Disabilities Act and the Rehabilitation Act.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Although plaintiff's allegations may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiff to proceed at this stage.

Generally, the use of "John Doe" defendants is not permitted in federal practice. Iseley v. Bucks County, 549 F. Supp. 160, 163 n.3 (E.D. Pa. 1982); Rosenthal v. State of Nevada, 514 F. Supp. 907, 914 (D. Nev. 1981); Breslin v. City and County of Philadelphia, 92 F.R.D. 764 (E.D. Pa. 1981); Joel v. Various John Does, 499 F. Supp. 791, 792 (D. Wis. 1980); United States, ex rel. Davis v. Long's Drugs, Inc., 411 F. Supp. 1144, 1153 (S.D. Cal. 1976); M.J. Brock & Sons, Inc. v. City of Davis, 401 F. Supp. 354, 357 (N.D. Cal. 1975). In some instances, however, the use of "John Doe" defendants has been permitted where the identity of the alleged defendants is not known prior to the filing of the complaint, but may be determined through pretrial discovery. See Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. 1980); Productions & Leasing v. Hotel Conquistador, Inc., 573 F. Supp. 717 (D. Nev. 1982), aff'd, 709 F.2d 21 (9th Cir. 1983). Other defendants may be ordered to provide the identity of John Doe defendants or plaintiff may be permitted discovery to identify John Doe defendants. Weiss v. Moore, No. 92-2848, slip op. (8th Cir. Apr. 12, 1993) (unpublished) (citing Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985)).

Furthermore, "[d]ismissal is proper only when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention" and upon discovery of the defendant's identity, plaintiff should be permitted to amend his complaint. Munz v. Parr, 758 F.2d at 1257.

2

The Prison Litigation Reform Act of 1995 requires inmates to pay the filing fee when bringing a civil case or filing an appeal in forma pauperis. 28 U.S.C. § 1915 (as amended Apr. 26, 1996). The records available to the court indicate plaintiff is capable of making an initial payment of $1.70[1] toward the filing fee. Plaintiff should contact prison officials to have the initial payment processed. In the future, prison officials will withdraw funds from plaintiff's account and forward them to the court, until the filing fee is paid in full. If plaintiff fails to make the initial payment, his claims may be dismissed for failure to comply with court orders. Fed. R. Civ. P. 41(b).

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed. Reply suggestions should be filed within twelve days after the suggestions in opposition are filed. In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions. Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule. Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response. Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

IT IS, THEREFORE, ORDERED that plaintiff's motion for leave to file an amended complaint is granted [6]. It is further

ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915. It is further

ORDERED that within thirty days, plaintiff make an initial payment of $1.70 toward the $250.00 filing fee. It is further

---

[1]The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915 (as amended Apr. 26, 1996). If plaintiff has not signed an authorization for release of inmate account funds, he will need to do so promptly.

ORDERED that within thirty days, the Attorney General of Missouri and Correctional Medical Services notify the court, in writing, for which defendants they will and will not waive service of process. It is further

ORDERED that defendants answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration. It is further

RECOMMENDED that the claims of Joshua Brown be dismissed as duplicative.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. *See* L.R. 74.1.

Dated this 27th day of February, 2006, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge