# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

RANDELL L. BROWN, Register No. 179887,    )
    )
                  Plaintiff,    )
    )
                  v.    )        No. 05-4414-CV-C-NKL
    )
KELLY DILLS, et al.,    )
    )
                  Defendants.    )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Randell L. Brown, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On March 9, 2006, Correctional Medical Services (CMS) defendants filed a motion to dismiss. Plaintiff filed a response on March 22, 2006.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

In the instant case, plaintiff's allegations that CMS defendants were deliberately indifferent to his health and safety when they refused to provide him with a medical excuse from participation in required activities are sufficient to allow plaintiff to proceed at this stage in the proceedings. The court cannot determine at this stage that plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Therefore, dismissal of plaintiff's claims is not warranted at this time.

On March 13, 2006, plaintiff filed a motion for appointment of counsel, pursuant to 28 U.S.C. § 1915. There exists no statutory or constitutional right for an indigent to have counsel appointed in a civil action for damages. Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); Watson v. Moss, 619 F.2d 775, 776 (8th Cir. 1980) (per curiam). Rather, "[i]n civil rights matters the court *may* pursuant to [28 U.S.C. § 1915(e)], 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a 'request.'" Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982).

The trial court must exercise "'a reasoned and well-informed discretion'" in deciding whether to appoint counsel. Sours v. Norris, 782 F.2d 106, 107 (8th Cir. 1986) (citation omitted).

The factors to consider in determining whether or not to appoint counsel have been articulated as follows:

> Foremost among the 'certain factors' that an appointing court must consider is an analysis of the merits of the indigent litigant's claims from both a factual and legal standpoint. [It is] clear that a court need not appoint counsel when it considers the indigent's chances of success to be extremely slim. In addition to the merits of a case, a court may consider any of a number of factors. Among these factors are the complexity of the legal issue presented and the capability of the litigant to recognize and present the issues, the complexity and conflicting nature of the facts, the ability of the litigant to investigate his case, and the relative substantive value of the claims presented.

Caruth v. Pinkney, 683 F.2d 1044, 1048 (7th Cir. 1982) (citations omitted). See also Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir. 1992); Johnson v. Williams, 788 F.2d 1319 (8th Cir. 1986).

Some of the problems inherent in the appointment of counsel in pro se civil cases brought by indigent litigants were discussed by this court in Ferguson v. Fleck, 480 F. Supp. 219 (W.D. Mo. 1979), at page 222:

> The Eighth Circuit has ruled that members of the Federal Bar should expect such appointments, on an infrequent basis . . . . Recognizing the time-consuming burdens undertaken by attorneys prosecuting Federal civil litigation, and the problems which would be invited if all colorable claims of indigents were automatically referred to appointed counsel, a troublesome issue of selectivity is imposed on the courts. Care must be exercised to avoid altering the practice of infrequently asking lawyers to serve in civil matters, an assumption underlying the *Peterson* decision. Meritorious claims, however, would generally benefit

2

from the assistance of counsel, but the court has few facilities permitting a forecast of substantial merit.

This court has followed a liberal policy of appointing counsel in civil actions brought by prisoners in nonfrivolous cases. Green v. Wyrick, 428 F. Supp. 732, 741 (W.D. Mo. 1976).

Although the court does have the inherent power to appoint counsel in limited circumstances, the United States Supreme Court has held that "[28 U.S.C.] § 1915(d) [now (e)] does not authorize the federal courts to make coercive appointments of counsel." Mallard v. United States Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 310 (1989).

The issues in plaintiff's complaint are not complex and at this stage in the proceedings, the court does not deem it necessary to appoint counsel. Plaintiff's claims are yet subject to challenge by dispositive motions. After the parties have had an opportunity to file the appropriate motions and the court has ruled on said motions, plaintiff may again request appointment of counsel.

On April 3, 2006, plaintiff filed a motion for substitution of John/Jane Does. Upon review, however, the court finds plaintiff has failed to specifically identify any of the John/Jane Does, and therefore the motion is denied, without prejudice. Plaintiff may seek assistance in identifying John/Jane Does from named defendants via discovery.

Upon motion, defense counsel is granted leave to file out-of-time an entry of appearance and waiver of service of process. To date, defense counsel has entered an appearance and waiver of service of process on behalf of defendants Missouri Department of Corrections, Missouri Board of Probation and Parole, Ansel Card, Wayne Crump, Robert Robinson, Fannie Gaw, Alan Earls, Tom Clement, Jeremiah W. Nixon, John M. Roodhouse, Dana Thompson, Penny Hubbard, Darrell Ashlock, Denis Agniel, Danny S. Sloan, Linda C. Readon, Kelly L. Dills, John Wessing, Dean Malotte and Ronald Sears.

On April 3, 2006, plaintiff requested assistance with service of process for unserved defendants. Upon review, the court notes defendant Donna White remains unserved. The court will direct counsel for Missouri Department of Corrections defendants to provide to the court, in camera, the last known address for defendant Donna White, if counsel can obtain such an address.

3

IT IS, THEREFORE, ORDERED within twenty days, counsel for Missouri Department of Corrections defendants provide to the court, in camera, the last known address for defendant Donna White [24].  It is further

ORDERED that upon receipt of the address, the Clerk of Court complete the process forms and deliver the summons and complaint to the United States Marshal for service of process.  It is further

ORDERED that the United States Marshal attempt service of process in accord with Fed. R. Civ. P. 4(e)(1), if mail service is attempted, or if mail service cannot be effected, by personal service under Fed. R. Civ. P. 4(e)(2).  It is further

ORDERED defendants are granted leave to file out-of-time an entry of appearance and waiver of service of process [20].  It is further

ORDERED that plaintiff's motions for appointment of counsel and for substitution of John/Jane Does are denied, without prejudice [15, 23].  It is further

RECOMMENDED that the motion of CMS defendants Conley, Leach and Sulltrop to dismiss be denied [13].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report.  Exceptions should not include matters outside of the report and recommendation.  Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation.  The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances.  Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 25th day of April, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4