IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| RANDELL L. BROWN, Register No. 179887, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4414-CV-C-NKL |
| | ) | |
| KELLY DILLS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

     Plaintiff Randell L. Brown brought suit in December 2005 under the Civil Rights Act of 1871, 42 U.S.C. § 1983; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131 et. seq.; and the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). The case was then referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

     On June 20, 2005, numerous defendants filed a motion to dismiss plaintiff's claims for injunctive relief because plaintiff has been released from confinement and is currently on parole. Defendants also seek dismissal of all claims against the Missouri Department of Corrections and the Missouri Board of Probation and Parole because they are immune from money damages.

     Plaintiff responded in opposition to dismissal and asserts (1) money damages remain available, (2) the wrongs are continuing, and (3) he seeks an order to prevent future wrongs.

     "The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that plaintiff will be wronged again . . . ." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)). Claims for equitable relief generally become moot upon a prisoner's release from custody or his transfer from the institution in which he suffered the conditions of confinement which formed the basis for his equitable claims. Green v. White, 693 F.2d 45, 46 n.1 (8th Cir. 1982); Wycoff v. Brewer, 572 F.2d 1260, 1262 (8th Cir. 1978).

In his amended complaints, plaintiff alleges he was removed from a drug treatment program because of his medical restrictions, which affected his possible release on parole. Thereafter, he was placed in administrative segregation and eventually transferred to another institution, where it appears he eventually gained entry into and completed a drug treatment program. Throughout this time period, plaintiff asserts defendants failed to make reasonable accommodation for him, delayed action on his requests, and placed him in a restrictive, segregated housing assignment for speaking up or because of his disability.

Plaintiff's response to defendants' motion to dismiss the equitable claims does not set forth facts showing the likelihood he will be returned to an institution and denied the benefits of a rehabilitation program or placed in segregation because of his disability. In the absence of a reasonable expectation that plaintiff will be subject to the same actions that are the subject of this lawsuit, he cannot show his claims fall within the "capable of repetition yet evading review" exception to the mootness doctrine. See Hickman v. Missouri, 144 F.3d 1141, 1142-43 (8th Cir. 1998) (mootness doctrine applies to claims for equitable relief and declaratory judgments).

The possible wrongs plaintiff implies could or are occurring are new issues[1] unrelated to the claims brought in this case or are past wrongs for which equitable relief is unavailable. Plaintiff states he has already suffered irreparable injury, but that is a matter for his damage claims rather than for obtaining injunctive relief. Accordingly, plaintiff's claims for equitable relief will be recommended dismissed as moot.

The Missouri Department of Corrections and the Missouri Board of Probation and Parole seek dismissal of the remaining claims against them because they are immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment to the United States Constitution prohibits suits for damages against the state, agencies of the state or state officials acting in their official capacity. Nix v. Norman, 879 F.2d 429, 432-33 (8th Cir. 1989). Clearly, plaintiff's section 1983 claims for damages against the state agencies are barred by the Eleventh Amendment and should be dismissed.

---

[1] For example, plaintiff states that a condition of his release on parole is participation in an out-patient treatment program even though he has already completed two treatment programs.

2

Plaintiff's claims under Title II and the Rehabilitation Act, however, should be permitted to proceed. In United States v. Georgia, ___ U.S. ___, ___, 126 S. Ct. 877, 882 (2006), the Court held that "insofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." The Eighth Circuit, however, has indicated its belief that the rights and remedies created by Title II are not an appropriate means of enforcement of the equal protection rights of disabled people. Klingler v. Director, Dept. of Revenue, State of Missouri, 455 F.3d 888, 896 (8th Cir. 2006). Thus, in determining whether Eleventh Amendment immunity applies to plaintiff's Title II and Rehabilitation Act claims, the court will need more factual information about what occurred and what rights plaintiff asserts were actually violated. Those issues are more appropriately addressed at the summary judgment stage.

On May 30, 2006, plaintiff requested an additional extension of time to respond to defendants' motion of April 28, 2006, to dismiss. Plaintiff filed his response on June 5, 2006, the response will be considered by the court, and thus, his request is moot.

On July 3, 2006, plaintiff requested a ruling on pending motions. Plaintiff is advised that the motions are being ruled or are under consideration. Given the number of defendants named and the number of motions pending, considerable time is being expended on this case, legal research is being done, and rulings will be made after appropriate deliberation.

On August 23, 2006, plaintiff filed a motion to compel discovery and for sanctions with regard to the service of process and current address for defendant Donna White, a former member of the Board of Probation and Parole. Given the posture of this case and the court's order of July 17, 2006, staying discovery directed to the Board of Probation and Parole defendants until ten days after rulings on the second motion to dismiss and for judgment on the pleadings, plaintiff's motion is not timely. Plaintiff may renew his motion after those rulings, if appropriate.

On September 19, 2006, plaintiff requested service of process on defendant "Ms. Lee," but did not provide completed summons forms. If service of process is not waived for this defendant, plaintiff will need to obtain, complete and return the appropriate summons forms so that service may be attempted.

Accordingly, it is

ORDERED that within twenty days, the Attorney General of Missouri notify the court, in writing, whether he will or will not waive service of process for defendant Lee. [78] It is further

ORDERED that plaintiff's motion of August 23, 2006, to compel discovery and for discovery sanctions is denied, without prejudice. [74] It is further

ORDERED that plaintiff's motion of July 3, 2006, is denied. [57] It is further

ORDERED that plaintiff's motion of May 30, 2006, for an extension of time is denied as moot. [48] It is further

RECOMMENDED that defendants' motion of June 20, 2006, to dismiss plaintiff's equitable claims be granted because those claims are moot. [52] It is further

RECOMMENDED that defendants' motion of June 20, 2006, to dismiss plaintiff's claims brought against the Missouri Department of Corrections and the Missouri Board of Probation and Parole under 42 U.S.C. § 1983 be granted, and under the Americans with Disabilities Act and Rehabilitation Act be denied.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 24th day of October, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4