IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

RANDELL L. BROWN, Register No. 179887, )
)
                Plaintiff, )
)
       v. )      No. 05-4414-CV-C-NKL
)
KELLY DILLS, et al., )
)
                Defendants. )

## REPORT AND RECOMMENDATION

On March 23, 2007, defendants Conley, Leach and Sulltrop filed a motion for summary judgment. Plaintiff has not responded in opposition to the motion, and thus, does not appear to oppose it or to challenge the evidence submitted on behalf of these three defendants.[1] Accordingly, ample time for a response has been permitted and the motion is ready for consideration.[2]

### Summary Judgment Standard

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and

---

[1] A review of the docket sheet indicates plaintiff has previously responded to motions and appears to understand that he is required to respond under the Federal Rules of Civil Procedure and Local Rules 7.1 and 56.1 if he opposes a pleading.

[2] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

admissions on file," that there is a genuine issue of fact to be resolved at trial.  Celotex, 477 U.S. at 323.  Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact."  Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985).  In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts.  Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment.  Fed. R. Civ. P. 56(c).

## Discussion

Plaintiff was allowed to proceed on his claims that defendants Conley, Leach and Sulltrop were deliberately indifferent to his health and safety when they refused to provide him with a medical excuse from participation in required activities.

During his incarceration from January 2002 until May 2006, plaintiff resided primarily at Tipton Correctional Center (TCC).  He was transferred for a short time, between June 16 and July 5, 2005, to Western Reception and Diagnostic Correctional Center (WRDCC) to participate in a rehabilitation program.  Plaintiff states he contacted the appropriate medical personnel prior to his transfer because he had medical restrictions which could not be accommodated at WRDCC.  He contends defendants are liable for damages because they did not prevent his transfer or take other steps to insure that his medical condition was properly considered.

Plaintiff's medical records show he has been assessed with neurosarcoidosis and has a ventriculo-peritoneal shunt.  Following a medical assessment in December 2004, the treating physician noted plaintiff could not sit for prolonged periods, climb stairs, or bend at the waist. He required a lower bunk and a housing assignment to a lower floor.

Sometime after that, plaintiff believed he was being considered for transfer to a rehabilitation program.  He then contacted defendant Leach to request a written statement that he could not be transferred to and participate in the treatment program at WRDCC because of his inability to climb stairs or sit for prolonged periods.

Defendant Leach states that in response to plaintiff's request, she called the facility at WRDCC and was told there was an elevator in the housing unit used for the treatment program which would accommodate those with disabilities. Defendant asserts she also spoke with the Assistant Superintendent at TCC who told her WRDCC was an ADA facility and the housing unit had an elevator. Finally, she says she requested and received an institutional information sheet that indicated the facility was accessible for handicapped individuals.

She noted that plaintiff's medical information, including his restrictions and limitations, were in his records and were available to custody personnel to assist with their assignments for plaintiff in housing units or the treatment program. In light of this information, defendant Leach did not provide the written statement that plaintiff requested.

On May 31, 2005, a physician evaluated plaintiff and renewed his lay-in status. His restrictions include "extra pillow," "limited prolonged standing 015 min," "may sit 10 minutes every 1 hour," "needs sit/stand option for control of pain and discomfort. Has ventriculo-peritoneal shunt." It also indicates plaintiff required a lower bunk and a lower floor assignment because he was unable to climb stairs or bend at the waist. Those restrictions were effective until November 20, 2005.

On June 6, 2005, a memo indicates plaintiff's medical score was M-3, his duty status was medically unassigned, and a reclassification analysis-medical needs form was sent to his housing unit. The form shows his ambulation was restricted because he was unable to walk up or down stairs. The comments section says he had a history of seizures and visual disturbances, was unable to use stairs, needed a lower bunk and floor, could not bend at the waist, and was unable to sit more than fifteen minutes, but had a sit/stand option.

Nursing notes from June 17, 2005, indicate plaintiff was received at WRDCC, along with a transfer summary and his medical chart. He was seen in receiving, and it was noted he was on regular medications, had a long history of illnesses and back trouble with medical lay-ins noted in the computer. His chart indicates he was to be referred to the doctor for an examination and modification of lay-ins as needed.

A classification hearing was held at WRDCC on June 23, 2005, and it was determined plaintiff was ineligible to remain at the facility due to his medical restrictions. He was referred

3

for a transfer and assigned to administrative segregation pending the transfer. He was returned to TCC on July 5, 2005.

In his complaint, plaintiff asserts that he contacted defendant Leach prior to his transfer and that she failed to stop the transfer or properly respond to his request. He claims she was more concerned with creating problems with the Department of Corrections than she was with plaintiff's welfare. He notes she responded to one of his grievances. He expresses concern that he was placed in temporary administration segregation for a few days because of his transfer.

Plaintiff claims defendants Sulltrop and Conley had actual or constructive knowledge of his medical restrictions and failed to see that adequate information was provided to the receiving institution. He claims they are minimizing the actions of their coworkers, falsifying reports, ignoring doctor's orders and violating state law.

Plaintiff can ultimately succeed only if he can prove, by a preponderance of the evidence, a "deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). See also Farmer v. Brennan, 511 U.S. 825 (1994). Allegations of mere negligence in the treatment of his medical condition or claims based upon a difference of opinion over matters of medical judgment or expertise fail to state a federal constitutional question, absent exceptional circumstances. Id.; Massey v. Hutto, 545 F.2d 45 (8th Cir. 1976); Seward v. Hutto, 525 F.2d 1024 (8th Cir. 1975); Jones v. Lockhart, 484 F.2d 1192 (8th Cir. 1973); Cates v. Ciccone, 422 F.2d 926 (8th Cir. 1970).

In this case, plaintiff has expressed a difference of opinion over a matter of medical judgment related to his transfer to WRDCC. The records indicate that plaintiff was inconvenienced by a transfer to another facility, that the facility was not medically appropriate for plaintiff but that he was medically assessed in a timely manner and reassigned, and that he was inconvenienced for several days by being placed in administrative segregation pending his reassignment. The records do not show the moving defendants knew he was being placed in a situation creating an excessive risk of harm or that they disregarded that risk. Defendant Leach made inquiry regarding the facilities at the receiving institution, made sure plaintiff's medical records contained his restrictions, made sure custody staff were provided the information, and was not otherwise involved in the decision to transfer plaintiff. The transfer decision appears to have been made by nonmedical personnel and/or custody staff. Plaintiff's medication, medical

4

records, and medical restriction information was sent with him to the new institution, and procedures were in place for a timely medical assessment at that institution shortly after his arrival. Thus, while defendant Leach might not have written the restriction plaintiff requested, her failure to do so, based upon her medical judgment, does not rise to the level of deliberate indifference to a serious medical problem under the circumstances alleged here.

Further, two of the defendants were not involved in the circumstances giving rise to this lawsuit until they were brought into it after plaintiff's return to TCC and he filed grievances. The three defendants were not involved in plaintiff's primary medical care and plaintiff was not seriously injured as a result of his transfer or the actions of defendants Conley, Leach and Sulltrop.

For these reasons, it is

RECOMMENDED that the March 23, 2007 motion of defendants Conley, Leach and Sulltop for summary judgment in their favor be granted. [110]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 19th day of June, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

5

Case 2:05-cv-04414-NKL   Document 113   Filed 06/19/07   Page 5 of 5