IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

RANDELL L. BROWN, Register No. 179887,   )
                                          )
                    Plaintiff,            )
                                          )
            v.                            )   No. 05-4414-CV-C-NKL
                                          )
KELLY DILLS, et al.,                      )
                                          )
                    Defendants.           )

## REPORT AND RECOMMENDATION

Plaintiff Randell L. Brown, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On July 23 and 24, 2007, defendants filed motions for summary judgment on plaintiff's remaining claims that he was removed from a drug treatment program because of his medical restrictions, which affected his possible release on parole. Plaintiff's remaining claims seek money damages under Title II of the Americans with Disabilities Act (ADA), Rehabilitation Act (RA), and 42 U.S.C. § 1983.[1] Plaintiff has not filed a response to defendants' motions for summary judgment, despite an order to show cause entered on September 19, 2007.

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

---

[1]Plaintiff's equitable claims have been dismissed as moot, in light of his grant of parole and release from prison.

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

Upon review, this court finds the motions of defendants have merit, and that plaintiff has come forward with no evidence of any remaining genuine issue of material fact for trial.

## I. Americans with Disabilities Act

*A. Eleventh Amendment Immunity*

A finding by this court that defendants did not violate plaintiff's constitutional rights, as applied to the states by the Fourteenth Amendment, precludes plaintiff from recovering monetary damages against defendants under the ADA. Klinger v. Director, Dep't of Revenue, State of Mo., 455 F.3d 888, 891 (8th Cir. 2006) (citing United States v. Georgia, 546 U.S. 151, 159 (2006)). A private cause of action for damages under the ADA against the state or state officials in their official capacities is only actionable if the conduct by the state or state officials in their official capacities actually violates the Fourteenth Amendment. United States v. Georgia, 546 U.S. at 159. Based on the evidence submitted in this case, no reasonable jury could find that plaintiff's constitutional rights were violated; therefore, defendants are entitled to Eleventh Amendment immunity on plaintiff's official capacity claims seeking damages for alleged violations of the ADA.

2

*B. No Violation of Plaintiff's Constitutional Rights*

<u>Tipton Correctional Center Defendants</u>

Plaintiff's allegations that his medically documented disabilities should have prevented his transfer to Western Reception and Diagnostic Correctional Center (WRDCC) for a drug treatment program, and that defendants' failure to prevent and/or stop such transfer violated his constitutional rights under the Eighth Amendment is not supported by the evidence. A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged must be objectively sufficiently serious, and (2) the prison official, with a sufficiently culpable state of mind, is deliberately indifferent to the inmate's health and safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).

Although plaintiff's medical conditions were arguably sufficiently serious, defendants claim prison officials were not deliberately indifferent to these conditions, and set forth evidence to support that claim. The evidence shows that plaintiff's medical conditions and restrictions were considered prior to his transfer, and that medical personnel indicated plaintiff was capable of participating. Defendants reasonably believed that WRDCC, an ADA facility having both an available medical unit and elevator, could accommodate plaintiff's medical conditions/restrictions. There is no evidence from which a reasonable jury could find that any defendant's failure to prevent or stop plaintiff's transfer from Tipton Correctional Center (TCC) to WRDCC put plaintiff at risk of harm, or was done with deliberate indifference to his health and safety, in violation of his constitutional rights under the Eighth Amendment.

<u>Western Reception and Diagnostic Correctional Center (WRDCC) Defendants</u>

Plaintiff has also failed to come forward with evidence to support his allegations that once he was transferred to WRDCC, the conditions there during his approximate eight-day stay violated his constitutional rights under the Eighth Amendment. Defendants' evidence shows that although plaintiff was housed on the fourth floor of the WRDCC facility (the same level as the drug treatment program classes), his medical condition/restrictions were being accommodated, he had access to and was granted use of the elevator in the building, and a medical unit was available to him on the first level of the facility.

Further, although subsequently, medical and corrections personnel determined at a program committee review hearing that WRDCC's drug treatment facility's layout posed

3

difficulties for plaintiff based on his specific medical conditions, there is no evidence that during the mere eight days at the facility, plaintiff was subjected to conditions which posed a substantial risk of serious harm to him. As soon as health/safety concerns arose, a hearing on the issues was promptly held and plaintiff was transferred.

There is no evidence from which a reasonable jury could find that any defendant, with deliberate indifference, placed plaintiff at risk of harm at WRDCC, in violation of his constitutional rights under the Eighth Amendment.

<u>Dismissal from WRDCC Drug Treatment Program</u>

Plaintiff's allegations that his administrative termination from WRDCC violated his constitutional rights is not supported by the evidence. Plaintiff has come forward with no evidence from which a reasonable jury could find that his due process rights were violated when he was administratively dismissed from the WRDCC Board-stipulated drug treatment program.

First, plaintiff had no liberty interest in the drug treatment program. <u>Stewart v. Davies</u>, 954 F.2d 515 (8th Cir. 1992). Second, plaintiff has no evidence that he was treated differently than other similarly situated inmates. Despite consideration of alternative program placements for plaintiff upon his administrative termination from WRDCC, plaintiff, along with many other Missouri inmates, were not able to be placed in long-term drug treatment programs due to budget constraints and a very substantial portion of the program being cut (a facility was closed, and more than 500 beds lost). Plaintiff was not treated differently than other Missouri inmates also seeking to gain access to the program. Third, plaintiff was, in fact, given due process with regard to his dismissal from the WRDCC Board-stipulated drug program. The Board of Probation and Parole removed the Board-stipulated drug treatment program requirement for plaintiff's parole consideration subsequent to his administrative termination, and plaintiff was released on his previously scheduled parole date.

## II. Rehabilitation Act

Plaintiff has failed to come forward with evidence to support his claims that his discharge from the WRDCC drug treatment program was in violation of the RA.

Official capacity claims are only viable under the Rehabilitation Act if the defendants have waived their Eleventh Amendment immunity. The Eighth Circuit has held that states which accept federal funds are required by statute to waive their Eleventh Amendment immunity to

4

section 504 RA claims. Doe v. Nebraska, 345 F.3d 593, 598 (8th Cir.2003); Jim C. v. United States, 235 F.3d 1079, 1081 (8th Cir.2000).

In the instant case, no evidence has been presented as to whether the Missouri Department of Corrections in 2005 (the year plaintiff was discharged from WRDCC drug treatment program) was accepting federal funds. However, for purposes of this report, this court will assume the Department of Corrections was accepting federal funding, and therefore, waived its sovereign immunity.

The Rehabilitation Act provides that no otherwise qualified individual with a disability shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. 29 U.S.C. § 794(a). State prisons fall within the statutory definition of "public entity." Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206 (1998). The RA and the ADA are similar in substance and, with the exception of the RA's federal funding requirement, cases interpreting either are applicable and interchangeable. Randolph v. Rodgers, 170 F.3d 850, 858 (8th Cir. 1999). To state a prima facie case under the ADA or the RA, the plaintiff must show: 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability. Id.

In the instant case, although defendants argue plaintiff was not disabled as provided by statute, this court finds this argument to be without merit. Under the RA, an individual is disabled or handicapped if the individual "i) has a physical or mental disability which substantially limits one or more of such person's major life activities, ii) has a record of such an impairment, or iii) is regarded as having such impairment." 29 U.S.C. § 706. At the time of plaintiff's dismissal from the drug treatment program in July 2005, the undisputed evidence is that he was diagnosed with the medical conditions of neurosarcoidosis and hydrocephalus and within the prison was unassigned and on lay-in status, meaning he was not working and had specific medical restrictions. Plaintiff's lay-in status specifically provided that he had a visual disturbance, was unable to walk up or down stairs, was required the lower bunk on lower floor, could not bend at waist, was unable to sit for more than fifteen minutes out of every hour, and required no prolonged standing. Although arguably, these limitations may not be significant

5

Case 2:05-cv-04414-NKL   Document 125   Filed 12/19/07   Page 5 of 8

enough to constitute substantial limitation on one or more of a person's major life activities, this court finds defendants, in fact, treated such limitations as a disability. Not only was plaintiff provided a medical lay-in and specific restrictions based on his medical conditions, he was also removed by defendants from the WRDCC drug treatment program, specifically based upon his physical limitations (disabilities) preventing him from using the stairs in the event of fire drill or fire, and his inability to walk approximately 200 yards to the dining hall of the facility. As set forth above, regarding a person as having a disability is sufficient to constitute a disability under the RA.

The second requirement of a prima facie case is determined by what the "benefit" was that plaintiff was seeking, and whether he was otherwise qualified for such benefit. The undisputed facts show plaintiff was otherwise qualified for the WRDCC long-term drug treatment program, but was administratively discharged due to unforeseen complications with his physical limitations at that particular facility. Nonetheless, the denial of the completion of the WRDCC long-term drug treatment program is not the "benefit" for which plaintiff's complaint[2] seeks relief. Rather, plaintiff's complaint seeks relief on claims that dismissal from the WRDCC program was going to prevent him from being granted his parole date because completion of the program had been stipulated as a precondition to his parole. The allegations in plaintiff's complaint clearly indicate he did not want to attend the WRDCC long-term drug treatment program and was only attending the program because the Parole Board had stipulated he do so. In fact, plaintiff's complaint seeks relief on claims that he should not have been transferred to the long-term treatment program at WRDCC in the first instance due to his medical conditions. Thus, upon review of the undisputed facts, it is clear that the benefit which plaintiff's original complaint seeks is not the completion of the WRDCC long-term drug treatment program, but rather, a grant of parole on the original date set by the Parole Board (which date was set at the same time as the Parole Board stipulated plaintiff complete a long-term drug treatment program).

Thus, the issue as to the second requirement of a prima facie RA case is whether plaintiff was otherwise qualified for parole. The evidence provided by defendants shows that in 2003, the

---

[2] Plaintiff filed his complaint with the court on December 9, 2005.

Case 2:05-cv-04414-NKL   Document 125   Filed 12/19/07   Page 6 of 8

Parole Board set plaintiff's parole date of July 26, 2006, with the stipulation that he complete a long-term substance abuse treatment program as a condition of parole. Parole in Missouri, however, is determined by the almost unlimited discretion of the Parole Board, see Green v. Black, 755 F.2d 687, 688 (8th Cir. 1985), and therefore, it cannot be said with any certainty that plaintiff was otherwise qualified for parole. Nonetheless, this court finds that the evidence submitted to the court appears to show that other than the requirement that plaintiff complete the Board-stipulated long-term treatment program, plaintiff was otherwise likely or qualified to be granted parole on May 26, 2006.

Despite a finding that plaintiff was to be otherwise eligible for parole on May 26, 2006, plaintiff has failed to come forward with evidence to support that he was denied that benefit based on his disability, the third requirement for a prima facie RA case. Upon plaintiff's administrative discharge from WRDCC based on incompatibility between plaintiff's medical conditions/restrictions (disability) and the layout of the WRDCC facility, the Parol Board removed the long-term drug treatment program as a prerequisite to plaintiff's parole, and plaintiff was granted parole on the originally set date of May 26, 2006. Contrary to the allegations in plaintiff's complaint, plaintiff was granted the benefit for which he alleged he would be denied based on his disability.

Based on the undisputed evidence, plaintiff fails to satisfy the requirements for a prima facie case under the RA. Therefore, plaintiff's claims under the RA fail as a matter of law.

### III. Conclusion

The undisputed evidence provides no remaining material fact for trial. Based on the evidence, no reasonable jury could find that plaintiff is entitled to damages on his claims alleging violation of his constitutional rights, the ADA and RA. Defendants are entitled to judgment as a matter of law.

IT IS, THEREFORE, RECOMMENDED that defendants' motions for summary judgment be granted, and plaintiff's claims against all defendants be dismissed. [117, 119]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include

7

matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 19th day of December, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge